UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| JOHN ZAPATA, | |
|---|---|
| Plaintiff, | Case No. 13-CV-600-JPS |
| v. | |
| C3T, INC., | ORDER |
| Defendant. | |

The plaintiff, John Zapata, a resident of the state of Nebraska, filed this suit on May 30, 2013, describing the suit as an "Interlocutory Appeal" of an arbitrator's decision. (Compl. ¶¶ 2, 12). In particular, Mr. Zapata, who operates MWE Services, a Nebraska-based corporation, complains of the arbitrator's decision requiring MWE Services to appear with counsel, as opposed to allowing Mr. Zapata to represent MWE Services "*pro se*," in the arbitration proceedings. (*See* Compl. ¶ 1; Compl., Ex. A).

C3T, Inc. ("C3T"), the named defendant in this case and the opposing party in the arbitration, is a corporation organized and doing business under Wisconsin's laws. (Compl. ¶ 4). C3T moved to dismiss this case for lack of jurisdiction on July 1, 2013. The Court granted Mr. Zapata an extension of time to file his response brief (Docket #10). He eventually filed that brief, and C3T filed its reply. (Docket #11, #13). The matter is, therefore, fully briefed and ripe for a decision.

With the benefit of the parties' briefs, the Court determines that it lacks jurisdiction over this matter, and accordingly must dismiss it.

1.  BACKGROUND

C3T is a general contractor. The Veteran's Administration ("the VA") hired C3T to perform renovation work at the VA hospital in Milwaukee,

Wisconsin. C3T, in turn, contracted with Zapata's business, MWE Services, Inc., which does business as Midwest Demolition Company (the Court will refer to Zapata's business as "MWE"), to perform the demolition work on the building. (*See* Compl., Ex. B).

The relationship between the parties soured, and MWE demanded arbitration of their dispute. (Compl. ¶ 6). C3T appeared and filed a counterclaim against MWE. (Compl. ¶ 7).

In the course of these proceedings, MWE attempted to proceed *pro se*, with Mr. Zapata appearing on behalf of the company in place of an attorney. (*See* Compl., Ex. A, at ¶¶ 6–7). The arbitrator refused to allow this arrangement, citing his "strict interpretation of Wisconsin's statute on the unauthorized practice of law," which "requires MWE to have a lawyer admitted in Wisconsin when MWE appears" in the arbitration proceedings. (Compl., Ex. A, at ¶ 6). Mr. Zapata attempted to get around this requirement by indicating that MWE assigned all of its rights to its claim against C3T to him. (*Id.*). The arbitrator was not swayed by that maneuver and noted that C3T's counterclaim against MWE was still pending and further that C3T had never agreed to arbitrate with Mr. Zapata, meaning that Mr. Zapata may not have been a proper party to the arbitration proceeding. (*Id.*).

Mr. Zapata requested that the arbitrator reconsider that decision or at least grant him an adjournment to find an attorney to represent MWE. (Compl., Ex. A, at ¶ 7). The arbitrator denied the motion for reconsideration and required that MWE appear with counsel at future hearings. (Compl., Ex. A, at ¶ *i*). The arbitrator did, however, grant Mr. Zapata's motion for an

adjournment, presumably in order to allow Mr. Zapata time to find an attorney before the formal arbitration hearing. (Compl., Ex. A, at ¶¶ 7, *ii*).

Rather than using that time to hire an attorney, Mr. Zapata filed the immediate action, seeking interlocutory review of the arbitrator's decision requiring MWE to be represented by an attorney (Compl. ¶ 12).

2.   DISCUSSION

C3T has moved to dismiss Mr. Zapata's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In reviewing a motion under Rule 12(b)(1), the Court must accept as true all well-pleaded allegations and draw reasonable inferences in Mr. Zapata's favor. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). In "facial challenges" to jurisdiction, by which a defendant argues that the facts, even if true, could not support jurisdiction, the Court is limited to examining the allegations in the complaint. *Id.* (citing *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). However, if the defendant makes a "factual challenge" to jurisdiction, asserting that the complaint is "'formally sufficient but…there is *in fact* no subject matter jurisdiction,'" then the Court may look beyond the allegations in the complaint and examine other evidence that the parties have submitted. *Apex Digital*, 572 F.3d at 444 (quoting *United Phosphorus, Ltd. v. Angus Chem Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n. 2 (7th

Cir. 2002); *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.1999)). In this latter case of a factual attack,

> the trial court may proceed as it never could [under Rule 12(b)(6) or Rule 56]…[and] weigh the evidence and satisfy itself of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Apex Digital*, 572 F.3d at 444 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Here, C3T has submitted several additional pieces of evidence. (Docket #6, Exs. A, B, C). Thus, the Court understands that C3T may be proceeding on their Rule 12(b)(1) motion under the assumption that it is a factual attack. However, the Court does not even need to refer to that material in reaching its decision in this case. Even if it were to accept all of Mr. Zapata's allegations in his complaint as true—as under a facial challenge—it would ultimately have to determine that it lacks jurisdiction over the complaint. There are myriad issues that deprive the Court of jurisdiction over this matter. The Court turns to addressing those issues and determines that it must grant C3T's Rule 12(b)(1) motion.

### 2.1 Standing

Of course, as the party invoking federal jurisdiction, Mr. Zapata bears the burden of establishing his standing. *E.g. Apex Digital*, 572 F.3d at 443 (citing *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This requires that he show:

(1) an injury in fact, "which is an invasion of a legally protected interest that is '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,'";

(2) a causal connection between the challenged conduct and the alleged injury; and

(3) a likelihood that a favorable decision by the Court will redress the injury.

*E.g. Perry*, 186 F.3d at 829 (citing *Lujan*, 504 U.S. at 560–61; *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976); *Allen v. Wright*, 468 U.S. 737, 752 (1984)); *see also Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Lujan*, 504 U.S. at 560–61); *Allen v. Wright*, 468 U.S. 737, 751 (1984)..

To begin, Mr. Zapata has not shown an injury in fact and, therefore, fails to satisfy the first requirement for standing. Indeed, to the extent that any injury exists in the form of an allegedly erroneous counsel requirement by the arbitrator, it is MWE which was injured. The arbitrator required MWE—*not Mr. Zapata*—to retain counsel. Mr. Zapata, as a shareholder of MWE, cannot sue to enforce the corporation's rights. *Nocula v. Ugs Corp.*, 520 F.3d 719, 726 (7th Cir. 2008) (citing *Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990); *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Flynn v. Merrick*, 881 F.2d 446, 449 (7th Cir. 1989); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1194 (7th Cir. 1985)). "This is a prudential limitation on standing, a strand of the standing doctrine that prohibits litigants from suing to enforce the rights of third parties." *Nocula*, 520 F.3d at 726 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 17–18 (2004); *MainStree Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 746 (7th Cir. 2007)). Thus, Mr. Zapata, acting as the plaintiff, lacks standing to pursue this claim.

Moreover, even if the Court were to determine that Mr. Zapata could establish both an injury[1] and a causal connection between the injury and challenged conduct,[2] there is no likelihood that a favorable decision by this Court would redress his alleged injury. Thus, he has failed to establish the third standing requirement. Mr. Zapata has sued C3T in this matter, but his issue actually seems to be with the arbitrator's decision. However, C3T has no power over the arbitrator's actions. As such, to the extent that if this Court entered a favorable decision (presumably finding that the arbitrator's counsel requirement was erroneous), the Court's decision ultimately would not redress Mr. Zapata's alleged injury, because it would apply only to the parties to the case, specifically Mr. Zapata and C3T. It would not necessarily bind the arbitrator to act. In the end, it would be nothing more than an advisory opinion that the standing requirements of Article III are designed to prevent.

2.2     Lack of Any Basis for Jurisdiction

Aside from Mr. Zapata's apparent lack of standing, there is another fundamental issue with his complaint: it does not allege any cogent basis for jurisdiction. In his Civil Cover Sheet, Mr. Zapata indicated that the suit arises under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* ("the APA"). (Docket #1, Ex. 1). His Complaint states absolutely no basis for jurisdiction. His response to C3T's Rule 12(b)(1) motion casts about between the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("the FAA"), Wis. Stat. §§ 227.11, and

---

[1]Which is, of course, extremely doubtful for the above-discussed reasons.

[2]Also doubtful, seeing as C3T had no power over the arbitrator's decision, making the challenged conduct traceable only to the conduct of a third party.

*Southland Corp. v. Keating*, 465 U.S. 1 (1984), as bases for jurisdiction. (Docket #11, at 4). None of those authorities support jurisdiction, and the Court cannot find any other basis for jurisdiction, either.

To begin, the APA does not provide a basis for jurisdiction. As C3T correctly points out, the APA provides only for review of federal agency decisions. (Docket #4, at 6); 5 U.S.C. §§ 701(a); 701(b)(1). Of course, neither C3T nor the arbitrator is a federal agency under the definition of agency found in the APA. 5 U.S.C. § 701(b)(1). Thus, the APA does not provide a basis for jurisdiction in this matter.

Next, the Court notes that the FAA also fails to supply any basis for jurisdiction. The FAA *does* provide the federal courts with some limited review powers. *See, e.g.*, 9 U.S.C. §§ 9, 10, 11. Those powers are, however, limited to the review of an "award." *Id.* The arbitrator's decision to require that MWE appear through a lawyer is clearly not an award, as contemplated by the FAA statutory scheme. 9 U.S.C. §§ 1, *et seq.* If decisions of this nature were to be deemed an appealable award, then the Court would be flooded with "interlocutory appeals" of this sort, depriving the FAA of its power. Moreover, even if the Court were to deem the arbitrator's decision an "award," it still could not disturb that award where, as here, there is no statutory basis to do so. *See, e.g.*, 9 U.S.C. §§ 10, 11. Mr. Zapata has not alleged any of the bases for vacation or modification under 9 U.S.C. §§ 10 and 11. Therefore, the Court is obliged to hold that it lacks jurisdiction under the FAA.

Mr. Zapata's argument that jurisdiction exists under Wis. Stat. § 227.11 is totally unfounded. Of course, that is a Wisconsin statute, and the state of

Wisconsin has no ability to define the jurisdiction of this federal court. Moreover, Wis. Stat. § 227.11 provides rule-making authority to Wisconsin state agencies. It has no application to this case. Therefore, the Court finds that Wis. Stat. § 227.11 does not provide a basis for jurisdiction.

The Court holds that the Supreme Court's *Southland* decision also fails to provide a basis for jurisdiction. In that case, the Supreme Court reviewed a judgment of California's highest court. *Southland*, 465 U.S. at 6. The Supreme Court's jurisdiction was based on 28 U.S.C. § 1257(2), providing for an appeal of the judgment of a state's highest court when "the validity of a challenged state statute is sustained as not in conflict with federal law." *Id.* That, of course, is not the situation, here, where Mr. Zapata challenges the ruling of an arbitrator. Moreover, the California courts' judgments that formed the subject of the Supreme Court's review all centered around whether the parties' agreements required that disputes between them be arbitrated, rather than decided by the court system. *Id.*, at 4–6. The California decisions most certainly were not interlocutory reviews of an arbitrator's decisions. *Id.* The *Southland* case provides no basis for jurisdiction.

Finally, the Court has not found any other basis for jurisdiction in this matter. While the parties are diverse, Mr. Zapata does not seek monetary damages, and therefore the Court lacks jurisdiction under 28 U.S.C. § 1332. Indeed, the Court cannot find any basis for district court jurisdiction under the relevant statutes. *See, e.g.*, 28 U.S.C. §§ 1330–1369.

3.  CONCLUSION

For all of these reasons, the Court lacks jurisdiction to hear this case, and therefore is obliged to dismiss Mr. Zapata's complaint without reaching

Page 8 of 9

Case 2:13-cv-00600-JPS   Filed 10/28/13   Page 8 of 9   Document 14

its merits. *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009). Accordingly, the Court will grant C3T's motion to dismiss and dismiss the case pursuant to Rule 12(b)(1) without prejudice. *See Morrison v. YTP Int'l, Inc.*, 649 F.3d 533, 535 ("A jurisdictional dismissal, by contrast, would have been under Rule 12(b)(1) rather than 12(b)(6), and without prejudice.").

Accordingly,

IT IS ORDERED that, pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendant's motion to dismiss the plaintiff's complaint (Docket #4) be and the same is hereby GRANTED and this matter be and the same is hereby DISMISSED without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge